# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW J. ALLAM, SR., :
:
    Petitioner :
v. : 1:14-CV-1940
: (JUDGE MARIANI)
LAUREL HARRY, :
:
    Respondent :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is Petitioner's Motion for Relief from Judgment under "[F]ederal Rules of Civil Procedure 60([b])(1)(2)(3)(4)(5)(6)" (Doc. 46). Petitioner seeks relief from the judgment entered on April 4, 2017, (see Doc. 39), in which the Court overruled his objections to the report and recommendations of Chief Magistrate Judge Susan E. Schwab and denied his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

A detailed factual and procedural background of this case has been fully set forth in Judge Schwab's report, (see Doc. 34 at 2-21), and knowledge of that extensive background is presumed here. A short recitation of the procedural history will suffice for the instant matter.

Petitioner filed a petition for a writ of habeas corpus seeking relief from his state-court convictions for dozens of charges involving the sexual abuse of a minor. (Doc. 1).

After Respondent filed an initial response that was deemed inadequate, Judge Schwab appointed counsel for Petitioner and ordered an appropriate response from Respondent. (Doc. 16). Petitioner's appointed counsel filed an amended brief in support of the habeas petition, which focused primarily on two claims: (1) the state criminal information charging Petitioner with fifty-six counts relating to the sexual abuse of a minor was constitutionally defective, and (2) there was insufficient evidence to convict him of all but one of those fifty-six counts. (Doc. 27 at 54-83).

On February 21, 2017, Judge Schwab issued a comprehensive fifty-two page report and recommended that Petitioner's habeas claims be denied. (Doc. 34). Petitioner filed numerous objections to Judge Schwab's report, none of which was found to have merit. Thus, on April 4, 2017, the Honorable William W. Caldwell overruled Petitioner's objections and denied the habeas petition. (*See* Docs. 38, 39). A certificate of appealability was also denied. (Doc. 42).

Petitioner then sought a certificate of appealability from United States Court of Appeals for the Third Circuit. (*See* Docs. 40, 43). On July 24, 2017, the Third Circuit denied Petitioner's request , finding that for "substantially the same reasons given by the District Court and the Magistrate Judge, [Petitioner] has not made a substantial showing of the denial of a constitutional right nor shown that reasonable jurists would find the correctness of the procedural aspects of the District Court's determination debatable." (Doc. 45 (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).

On November 13, 2017, Petitioner filed the instant motion for relief from judgment. (Doc. 46). On February 6, 2018, this case was reassigned from Judge Caldwell to the undersigned due to Judge Caldwell's retirement. For the reasons that follow, Petitioner's motion for relief from judgment will be denied.

## II. STANDARD OF REVIEW

Petitioner does not specify what subsection of Federal Rule of Civil Procedure 60(b) he believes applies to his motion for relief from judgment. Rather, the title of his motion invokes all six subsections. But even a cursory reading of the rules and the instant motion reveals that the only subsection that could possibly apply here is (b)(6). Petitioner does not allege mistake or surprise, excusable neglect, newly discovered evidence, fraud or misconduct, a void judgment, or a reversed or vacated judgment. *See* FED. R. CIV. P. 60(b)(1)-(5). Therefore, the court will construe Petitioner's motion as a motion for relief from judgment under subsection (b)(6), the catch-all provision that permits the court to relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

The Third Circuit has consistently admonished that "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)). Relief under Rule 60(b)(6) should be granted only "where, without such relief, an extreme

3

and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "This is a difficult standard to meet, and 'such circumstances will rarely occur in the habeas context.'" *Satterfield v. District Attorney Phila.*, 872 F.3d 152, 158 (3d Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).

In addressing claims invoking Rule 60(b)(6), the Third Circuit employs a flexible case-by-case analysis that "takes into account all the particulars of a movant's case" before determining whether Rule 60(b)(6) relief should be granted. *Cox*, 757 F.3d at 122. The movant bears the burden of establishing entitlement to this extraordinary relief. *Id.*

### III. ANALYSIS

In this case, Petitioner has fallen far short of showing exceptional circumstances that would warrant the extraordinary relief provided by Rule 60(b)(6). His motion is devoid of support that would justify reopening the judgment. Instead, Petitioner expends a great deal of effort rearguing many of the claims he raised in his Section 2254 petition, while also attacking the magistrate judge and district court opinions that rejected those claims.

Clearly, reasserting arguments that have already been rejected does not meet the required showing of "exceptional circumstances" that would merit relief under Rule 60(b)(6). Indeed, a Rule 60(b)(6) motion cannot be used as a substitute for an appeal. *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999) (citation omitted). Petitioner's Rule 60(b)(6) motion

does nothing more than attempt to relitigate his unsuccessful Section 2254 habeas petition, and therefore must be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's Motion for Relief from Judgment under "[F]ederal Rules of Civil Procedure 60([b])(1)(2)(3)(4)(5)(6)" (Doc. 46). A separate Order follows.

Robert D. Mariani
United States District Judge