# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW J. ALLAM, SR., :
:
    Petitioner :
v. : 1:14-CV-1940
: (JUDGE MARIANI)
LAUREL HARRY, :
:
    Respondent :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court are two motions to amend, (Docs. 50, 52), as well as several letter requests to "reinstate" appeal rights, (Docs. 51, 53, 54), filed by petitioner Andrew J. Allam, Sr. ("Petitioner"). Petitioner seeks to amend his motion for relief under Federal Rule of Civil Procedure 60(b) (Doc. 46), which this Court has already denied, (see Docs. 48, 49). Petitioner also requests to extend the time in which he can appeal the denial of his Rule 60(b) motion, claiming he never received a copy of the Court's memorandum opinion and order.

A detailed factual and procedural background of this case has been fully set forth in the magistrate judge's report, (see Doc. 34 at 2-21), and knowledge of that extensive background is presumed here. A short recitation of the procedural history will suffice for the instant matter.

Petitioner filed a petition for a writ of habeas corpus seeking relief from his state-court convictions for dozens of charges involving the sexual abuse of a minor. (Doc. 1). On February 21, 2017, Chief Magistrate Judge Susan E. Schwab issued a comprehensive fifty-two page report recommending that Petitioner's habeas claims be denied. (Doc. 34). Petitioner filed numerous objections to Judge Schwab's report, none of which was found to have merit. Thus, on April 4, 2017, the Honorable William W. Caldwell overruled Petitioner's objections and denied the habeas petition. (*See* Docs. 38, 39). A certificate of appealability was also denied. (Doc. 42).

Petitioner sought a certificate of appealability from the United States Court of Appeals for the Third Circuit. (*See* Docs. 40, 43). On July 24, 2017, the Third Circuit denied Petitioner's request, finding that for "substantially the same reasons given by the District Court and the Magistrate Judge, [Petitioner] has not made a substantial showing of the denial of a constitutional right nor shown that reasonable jurists would find the correctness of the procedural aspects of the District Court's determination debatable." (Doc. 45 (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).

On November 13, 2017, Petitioner filed, in this Court, a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (Doc. 46). On February 6, 2018, Petitioner's case was reassigned from Judge Caldwell to the undersigned due to Judge Caldwell's retirement. On February 26, 2018, the Court issued a memorandum opinion and order denying Petitioner's Rule 60(b) motion. (Docs. 48, 49).

On April 30, 2018, Petitioner filed a motion to amend his Rule 60(b) motion. (Doc. 50). The Clerk of Court sent a courtesy copy of the docket sheet to Petitioner that same day, as the Rule 60(b) motion had already been decided. In a letter to the Clerk of Court dated May 2, 2018, Petitioner acknowledged receiving the docket sheet but contended that he never received a copy of the February 26, 2018 memorandum opinion and order. (Doc. 51). He further requested that his appeal rights be reinstated. (*Id.*)

Several weeks later, Petitioner filed another motion to amend his Rule 60(b) motion, despite having actual knowledge that his Rule 60(b) motion had been denied. (Doc. 52). He then sent two more letters, essentially arguing that because he had not received a copy of the opinion and order denying his Rule 60(b) motion, the Court should extend the time in which he could appeal that denial. (Docs. 53, 54). For the reasons that follow, Petitioner's motions to amend will be denied, but the Court will reopen the time for Petitioner to appeal the denial of his Rule 60(b) motion.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15, if more than twenty-one days have elapsed after service of a pleading or service of a responsive pleading, a party may amend only with the opposing party's written consent or with leave of court. FED. R. CIV. P. 15(a)(1), (2). Leave to amend should be freely given by the court when justice so requires. *Id.* 15(a)(2).

In the seminal case of *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court of the United States provided guidance for when leave to amend may be denied. Circumstances that weigh against granting leave to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182. "Futility" means that the proposed amendment would fail to redress the material insufficiencies or flaws found in the original motion or pleading. *Cf. Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010) (explaining that, in context of denying leave to amend complaint that was found insufficiently pleaded, "futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted" (citation and internal quotation marks omitted)).

Petitioner seeks to amend his Rule 60(b) motion for relief from judgment, which this Court previously construed as a motion for relief under Federal Rule of Civil Procedure 60(b)(6). (Doc. 48 at 3-4). The Third Circuit has consistently admonished that "the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)). Relief under Rule 60(b)(6) should be granted only "where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "This is a

4

difficult standard to meet, and 'such circumstances will rarely occur in the habeas context.'" *Satterfield v. District Attorney Phila.*, 872 F.3d 152, 158 (3d Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).

In addressing claims invoking Rule 60(b)(6), the Third Circuit employs a flexible case-by-case analysis that "takes into account all the particulars of a movant's case" before determining whether Rule 60(b)(6) relief should be granted. *Cox*, 757 F.3d at 122. The movant bears the burden of establishing entitlement to this extraordinary relief. *Id.*

### III. ANALYSIS

### A. Motions to Amend

In this case, Petitioner has filed two lengthy motions to amend his Rule 60(b) motion. The first motion to amend seeks to add four additional claims for relief. The first and third claims are nothing more than attacks on Judge Schwab's report and Judge Caldwell's opinion, which soundly rejected Petitioner's challenges to the sufficiency of the evidence and the sufficiency of the indictment. (*See* Doc. 50 at 1-9, 13-21). In claim two, Petitioner reasserts three related claims from his initial habeas petition regarding certain physical evidence being provided to the jury during deliberations. (Doc. 50 at 9-12). These claims were already denied due to procedural default. (*See* Doc. 34 at 19, 51). Claim four contends that double jeopardy and preclusion principles should have barred Petitioner's state criminal prosecution, (*see* Doc. 50 at 22-27), another unsuccessful habeas claim Petitioner is attempting to resurrect, (*see* Doc. 34 at 16, 18, 51).

5

Petitioner's second motion to amend is more of the same. He initially claims he is relying on "actual innocence," but then proceeds to reargue the same issues already fully litigated in his Section 2254 proceedings. (*See generally* Doc. 52). Petitioner once again asserts arguments regarding sufficiency of the evidence, sufficiency of the indictment, and double jeopardy. (*Id.* at 1-2).

As the Court explained in its prior opinion, a Rule 60(b) motion is not a substitute for an appeal and cannot be used to relitigate denied habeas claims. (Doc. 48 at 4 (citing *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999))). Petitioner's proposed "amendments" are nothing more than attempts to relitigate prior Section 2254 claims that have already been considered and rejected. Accordingly, because Petitioner's proposed amendments utterly fail to meet the Rule 60(b)(6) requirement of showing exceptional circumstances, leave to amend will be denied because such amendments are futile.

## B. Requests to Extend Time to Appeal

Under Federal Rule of Appellate Procedure 4, a "district court may reopen the time to file an appeal" so long as (1) the party seeking to reopen the time to appeal did not receive notice "of the entry of the judgment or order sought to be appealed within 21 days after entry"; (2) "the motion is filed within 180 days after the judgment or order is entered" or within 14 days after the movant receives notice, whichever is earlier; and (3) "the court finds that no party would be prejudiced." FED. R. APP. P. 4(a)(6).

Petitioner has consistently alleged that he never received this Court's February 26, 2018 memorandum opinion and order denying his Rule 60(b) motion. (*See* Docs. 51, 53, 54). The Court finds Petitioner's averments credible and the requirements of Federal Rule of Appellate Procedure 4(a)(6) satisfied. Within one or two days of receiving the docket sheet showing the entry of final judgment, Petitioner sent a request to the court to extend his time to appeal the Rule 60(b) denial. (Doc. 51). The Court construes this letter request as a motion to reopen the time to appeal under Rule 4(a)(6). Because reopening the time to appeal would not cause prejudice to any party, and because Petitioner has demonstrated that the other two preconditions of Rule 4(a)(6) are satisfied, the court will grant Petitioner's motion to reopen the time to file an appeal. Petitioner will have 14 days to appeal the Rule 60(b) denial. FED. R. APP. P. 4(a)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motions (Docs. 50, 52) to amend his Rule 60(b) motion, but will reopen the time for Petitioner to appeal the denial of that Rule 60(b) motion. A separate Order follows.

Robert D. Mariani
United States District Judge

7